**Order filed December 19, 2017.**



In The

# Fourteenth Court of Appeals
————————

## NO. 14-17-00384-CV
————————

## MIDTOWN PARK DEVELOPMENT LTD, PAUL T. YOUNG AND HORIZON 2003, LLC, Appellants

### V.

## LOUIS F. GOZA, Appellee

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 320840212**

# O R D E R

No reporter's record has been filed in this case. The official court reporter for the 212th District Court informed this court that appellant had not made arrangements for payment for the reporter's record. Appellant, Paul Young, filed a statement of inability to afford payment of court costs indicating he was entitled to proceed without payment of costs with the notice of appeal. On July 25, 2017, Jennifer Hall, official court reporter for the 212th District Court, filed an objection to appellant's statement of inability to afford payment of court costs.

On November 2, 2017, we abated the case and ordered the trial court to conduct a hearing to determine whether Paul Young was indigent and entitled to a free record on appeal. In findings of fact and conclusions of law signed December 1, 2017, the court found that Paul Young was not indigent and not entitled to a free record on appeal. The trial court further sustained all objections to Paul Young's statement of inability to afford payment of court costs.

Texas Rule of Appellate Procedure 20.1 governs the procedures to establish indigence on appeal. *See* Tex. R. App. P. 20.1. The rule requires a party claiming indigence, after a trial court sustains a contest, to establish that the party's financial circumstances have materially changed since the date of the trial court's order under Texas Rule of Civil Procedure 145. *See* Tex. R. App. P. 20.1(b)(3). Additionally, a party may seek review of the trial court's order sustaining a contest by motion in the appellate court within 10 days after the trial court's order is signed. *See* Tex. R. Civ. P. 145(g). As of this date, appellant has not filed a motion to establish a change in circumstances or challenging the trial court's order.

Accordingly, appellants are ordered to demonstrate to this court that they have paid for the reporter's record within 15 days of this order. If appellants fail to do so, we will consider those issues that do not require a reporter's record. *See* Tex. R. App. P. 37.3(c).

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Jewell.